# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510<br>New York, New York 10165 | Telephone: (212) 317-1200<br>Facsimile: (212) 317-1620 |

October 10, 2019

**VIA ECF**

Hon. Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                **Re:**    Morales Bermeo et al v. Kyma NYC, LLC et al;
                          Case No. 19-cv-02685-ALC

Your Honor:

      This office represents Plaintiffs Humberto Morales Bermeo, Luis Alberto Chino Ambrosio, and Nilton M. Paredes ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Kyma NYC, LLC (d/b/a Kyma), ("Defendant Corporation"), and Erineos Christou, ("Individual Defendant"), (collectively, "Defendants"), and together with Plaintiffs, the "Settling Parties").

      The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a mediation session. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Settling Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what they would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

      Plaintiff Morales was employed by Defendants as a food runner from approximately July 1, 2018 until on or about July 15, 2018. From approximately July 1, 2018 until on or about July 15, 2018, Plaintiff Morales worked from approximately 3:00 p.m. until on or about 11:30 p.m., four days a week and from approximately 3:00 p.m. until on or about 11:00 p.m., one day a week (typically 42 hours per week). From approximately July 1, 2018 until on or about July 15, 2018, Defendants paid Plaintiff Morales $8.75 per hour. Plaintiff Morales was paid by check during his employment.

      Plaintiff Chino was employed by Defendants as a busboy and barback from approximately June 2018 until on or about February 15, 2019. From approximately June 15, 2018 until on or about October 2018, Plaintiff Chino worked from approximately 2:30 p.m. until on or about 12:00

Hon. Andrew L. Carter
October 10, 2019
Page 2 of 5

a.m., three days a week and from approximately 2:30 p.m. until on or about 1:00 a.m., two days a week (typically 49.5 hours per week). From approximately November 2018 until on or about February 2019, Plaintiff Chino worked from approximately 3:30 p.m. until on or about 12:30 a.m. to 1:00 a.m., three days a week and from approximately 3:30 p.m. until on or about 11:00 p.m. to 11:30 p.m., one day a week (typically 34.5 to 36.5 hours per week). From approximately June 2018 until on or about December 2018, Defendants paid Plaintiff Chino $8.65 per hour. From approximately January 2019 until on or about February 2019, Defendants paid Plaintiff Chino $10.00 per hour. Plaintiff Chino was paid by check during his employment.

Plaintiff Paredes was employed by Defendants as a busboy from approximately June 2018 until on or about December 1, 2018. From approximately June 2018 until on or about December 1, 2018, Plaintiff Paredes worked from approximately 10:30 a.m. until on or about 11:00 p.m., two days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., one day a week (typically 31 hours per week). From approximately June 2018 until on or about December 1, 2018, Defendants paid Plaintiff Paredes $8.75 per hour. Plaintiff Paredes was paid by check during his employment.

Plaintiffs assert claims for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as under the spread of hours wage order of the New York Commissioner of Labor, N.Y. COMP. CODES R. & REGS. tit. 12, 142-2.4. Plaintiff also asserts claims for violation of the NYLL provisions concerning notice and recordkeeping, and wage statements (NYLL §195(1), (3)).

Defendants' Answer denied all of Plaintiffs' allegations of unlawful practices and policies. In particular, Defendants dispute Plaintiffs' factual assertions concerning their hours of work, their type of work, and the method of payment. Defendants also dispute Plaintiffs' allegations regarding the provision of notices, wage statements and record keeping. Defendants maintain that through objective documentary evidence and witness testimony, they would prevail on their defenses.

Nevertheless, the parties agreed on the settlement amount of $7,500.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $7,500.00 which will be paid as outlined in **Exhibit A**. Plaintiffs allege they are entitled to back wages of approximately $12,331.83. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $48,263.65, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $7,500. Plaintiffs acknowledge that Defendants maintained records in this case that present issues of fact, as well as fact witnesses which would imperil Plaintiffs' potential ability to recover at trial.

A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

Hon. Andrew L. Carter
October 10, 2019
Page 3 of 5

The full sum of the settlement amount will be paid as described in the accompanying Settlement Agreement.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Seven Thousand Five Hundred Dollars ($7,500.00) that Plaintiffs will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. It also accounts for the risks of trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $2,500.00, one third of the settlement amount and less than their lodestar amount.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.

        Michael Faillace & Associates, P.C.
        *Attorneys for Plaintiff*

cc: Tram LoPresto, Esq. (via ECF)
   *Attorney for Defendants*